**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| UNILOC USA, INC. and <br> UNILOC LUXEMBOURG, S.A., <br><br> Plaintiffs, <br><br> v. <br><br> AVG TECHNOLOGIES USA, INC., <br><br> Defendant. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. 2:16-cv-393 <br><br><br><br> PATENT CASE <br><br><br> JURY TRIAL DEMANDED |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs, Uniloc USA, Inc. and Uniloc Luxembourg, S.A. (together "Uniloc"), as and for their complaint against defendant, AVG Technologies USA, Inc. ("AVG"), allege as follows:

**THE PARTIES**

1. Uniloc USA, Inc. ("Uniloc USA") is a Texas corporation having a principal place of business at Legacy Town Center I, Suite 380, 7160 Dallas Parkway, Plano Texas 75024. Uniloc also maintains a place of business at 102 N. College, Suite 603, Tyler, Texas 75702.

2. Uniloc Luxembourg S.A. ("Uniloc Luxembourg") is a Luxembourg public limited liability company having a principal place of business at 15, Rue Edward Steichen, 4th Floor, L-2540, Luxembourg (R.C.S. Luxembourg B159161).

3. Uniloc Luxembourg owns a number of patents in the field of application management in a computer network.

4. Upon information and belief, AVG is a Delaware corporation having a place of business at 149 Bluxome Street, San Francisco, California 94107 and offering its products and/or

services, including those accused herein of infringement, for purchase or download to customers and/or potential customers located in Texas and in the judicial Eastern District of Texas. Valve may be served with process through its registered agent: PHS Corporate Services, Inc., 1313 N. Market Street, Suite 5100, Wilmington, Delaware 19801.

## JURISDICTION AND VENUE

5.      Uniloc brings this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271 *et seq.* This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1367.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). Upon information and belief, AVG is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, and/or has purposely transacted business involving the accused products in this judicial district, including sales to one or more customers in Texas.

7.      AVG is subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial business in this State and judicial district, including: (A) at least part of its past infringing activities, (B) regularly doing or soliciting business in Texas and/or (C) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

## COUNT I
(INFRINGEMENT OF U.S. PATENT NO. 6,510,466)

8.      Uniloc incorporates paragraphs 1-7 above by reference.

9.      Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 6,510,466 ("the '466 Patent"), entitled METHODS, SYSTEMS AND COMPUTER PROGRAM PRODUCTS FOR CENTRALIZED MANAGEMENT OF APPLICATION PROGRAMS ON A

NETWORK that issued on January 21, 2003.  A true and correct copy of the '466 Patent is attached as Exhibit A hereto.

10.     Uniloc USA is the exclusive licensee of the '466 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

11.     Upon information and belief, the following describes, at least in part, how AVG's software licensing and delivery system works:



12.     Upon information and belief, the following describes, at least in part, how AVG's software licensing and delivery system works:



13.     Upon information and belief, the following describes, at least in part, how AVG's software licensing and delivery system works:



14.     Upon information and belief, the following describes, at least in part, how AVG's software licensing and delivery system works:



15.     Upon information and belief, the following describes, at least in part, how AVG's software licensing and delivery system works:



16. Upon information and belief, the following describes, at least in part, how AVG's software licensing and delivery system works:



17. Upon information and belief, the following describes, at least in part, how AVG's software licensing and delivery system works:



18. Upon information and belief, the following describes, at least in part, how AVG's software licensing and delivery system works:

5



19. Upon information and belief, the following describes, at least in part, how AVG's software licensing and delivery system works:



20. Upon information and belief, the following describes, at least in part, how AVG's software licensing and delivery system works:



21. Upon information and belief, the following describes, at least in part, how AVG's software licensing and delivery system works:



22. Upon information and belief, the following describes, at least in part, how AVG's software licensing and delivery system works:

7



23. Upon information and belief, the following describes, at least in part, how AVG's software licensing and delivery system works:



24. Upon information and belief, the following describes, at least in part, how AVG's software licensing and delivery system works:

8



25.     Upon information and belief, the following describes, at least in part, how AVG's software licensing and delivery system works:



26.     AVG has directly infringed, and continues to directly infringe one or more claims of the '466 Patent in this judicial district and elsewhere in Texas, including at least Claims 1, 2, 7, 15 and 22, literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling its software licensing and delivery system during the

9

pendency of the '466 Patent which software and associated backend server architecture *inter alia* allows for installing application programs on a server, receiving a login request, establishing a user desktop, receiving a selection of one or more programs displayed in the user desktop and providing a program for execution.

27. In addition, should AVG's software licensing and delivery system be found to not literally infringe the asserted claims of the '466 Patent, AVG's accused products would nevertheless infringe the asserted claims of the '466 Patent. More specifically, the accused AVG software delivery system performs substantially the same function (making computer games/software available for digital download/management), in substantially the same way (via a client/server environment), to yield substantially the same result (providing authorized games/software to a client for execution). AVG would thus be liable for direct infringement under the doctrine of equivalents.

28. AVG may have infringed the '466 Patent through other software utilizing the same or reasonably similar functionality, including other versions of its software licensing and delivery system. Uniloc reserves the right to discover and pursue all such additional infringing software.

29. Uniloc has been damaged, reparably and irreparably, by AVG's infringement of the '466 Patent and such damage will continue unless and until AVG is enjoined.

## COUNT II
(INFRINGEMENT OF U.S. PATENT NO. 6,728,766)

30. Uniloc incorporates paragraphs 1-29 above by reference.

31. Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 6,728,766 ("the '766 Patent"), entitled METHODS, SYSTEMS AND COMPUTER PROGRAM

PRODUCTS FOR LICENSE USE MANAGEMENT ON A NETWORK that issued on April 27, 2004. A true and correct copy of the '766 Patent is attached as Exhibit B hereto.

32. Uniloc USA is the exclusive licensee of the '766 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

33. AVG has directly infringed, and continues to directly infringe one or more claims of the '766 Patent in this judicial district and elsewhere in Texas, including at least Claims 1, 3, 7, 9, 13 and 15, literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling its software licensing and delivery system during the pendency of the '766 Patent which software and associated backend server architecture *inter alia* allow for maintaining user policy based license management information for application programs at a server, receiving a request for a license at the server, determining license availability based on the policy information, and providing an indication of availability or unavailability.

34. In addition, should AVG's software licensing and delivery system be found to not literally infringe the asserted claims of the '766 Patent, AVG's accused products would nevertheless infringe the asserted claims of the '766 Patent. More specifically, the accused software delivery system performs substantially the same function (making computer games/software available for digital download/management), in substantially the same way (via a client/server environment), to yield substantially the same result (providing authorized games/software to a client for execution). AVG would thus be liable for direct infringement under the doctrine of equivalents.

35. AVG may have infringed the '766 Patent through other software utilizing the same or reasonably similar functionality, including other versions of its software licensing and delivery system. Uniloc reserves the right to discover and pursue all such additional infringing software.

36. Uniloc has been damaged, reparably and irreparably, by AVG's infringement of the '766 Patent and such damage will continue unless and until AVG is enjoined.

## PRAYER FOR RELIEF

Uniloc requests that the Court enter judgment against AVG as follows:

(A) that AVG has infringed the '466 Patent and the '766 Patent;

(B) awarding Uniloc its damages suffered as a result of AVG's infringement of the '466 Patent and the '766 Patent pursuant to 35 U.S.C. § 284;

(C) enjoining AVG, its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries and parents, and all others acting in concert or privity with it from infringing the '466 Patent and the '766 Patent pursuant to 35 U.S.C. § 283;

(D) awarding Uniloc its costs, attorneys' fees, expenses and interest, and

(E) granting Uniloc such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Uniloc hereby demands trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

Dated: April 12, 2016                    Respectfully submitted,

                                                                    */s/ Craig Tadlock*
Craig Tadlock
Texas State Bar No. 00791766
Keith Smiley
Texas State Bar No. 24067869

**TADLOCK LAW FIRM PLLC**
2701 Dallas Parkway, Suite 360
Plano, TX 75093
Tel: (903) 730-6789
Email: craig@tadlocklawfirm.com
Email: keith@tadlocklawfirm.com

Paul J. Hayes
Kevin Gannon
**CESARI AND MCKENNA, LLP**
88 Black Falcon Ave
Suite 271
Boston, MA 02110
Telephone: (617) 951-2500
Facsimile: (617) 951-3927
Email: pjh@c-m.com
Email: ktg@c-m.com

**ATTORNEYS FOR THE PLAINTIFFS**