**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| UNILOC USA, INC., et al, | § | |
| UNILOC LUXEMBOURG, S.A., | § | |
| | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Case No. 2:16-cv-00393-RWS |
| | § | |
| v. | § | LEAD CASE |
| | § | |
| AVG TECHNOLOGIES, INC., | § | |
| PIRIFORM, INC., | § | Case No. 2:16-cv-00396-RWS |
| Defendants. | | |

**DEFENDANT PIRIFORM, INC.'S MOTION TO DISMISS UNILOC'S COMPLAINT
UNDER FED. R. CIV. P. 12(B)(3) OR TRANSFER UNDER 28 U.S.C. § 1406(A) IN VIEW
OF THE SUPREME COURT'S *TC HEARTLAND* DECISION**

Venue is no longer proper in the Eastern District of Texas over Piriform, Inc. ("Piriform") under the Supreme Court's decision in *TC Heartland LLC v. Kraft Foods Group Brands LLC*, No. 16-341, 2017 WL 2216934 (May 22, 2017) ("*TC Heartland*").  Although the Supreme Court decided *TC Heartland* after Uniloc filed the Complaint, its holding must be applied to this case because "the Supreme Court's interpretation of federal civil law 'must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate the Supreme Court's announcement of the rule.'" *NeuroRepair, Inc. v. The Nath Law Group*, 781 F.3d 1340, 1344 (Fed. Cir. 2015) (quoting *Harper v. Va. Dep't of Taxation*, 509 U.S. 86, 87 (1993)).

Piriform accordingly moves pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a) to dismiss this action, or in the alternative, to transfer this action to the U.S. District Court for the District of Delaware.

## I.   INTRODUCTION

The Supreme Court's recent decision in *TC Heartland* rejected the Federal Circuit's longstanding rule of corporate residence and patent venue in *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574 (Fed. Cir. 1990) ("*VE Holding*").  As a result of *TC Heartland*, under 28 U.S.C. § 1400(b), a patent infringement action may be brought against a corporate defendant <u>only</u> (1) where the defendant is incorporated, or (2) where the defendant has committed acts of infringement <u>and</u> has a regular and established place of business.  Because Piriform does not satisfy either prong of § 1400(b), venue is improper in this District and the Court must dismiss this action or transfer it to a proper district under § 1406(a).  *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district <u>shall</u> dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.") (emphasis added).

The underlying facts relevant to this motion are straightforward.  On April 12, 2016, Uniloc filed its complaint for patent infringement against Piriform.  With respect to venue, Uniloc alleged that "Piriform is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, and/or has purposely transacted business involving the accused products in this judicial district, including sales to one or more customers in Texas." Case No. 2:16-cv-00396-RWS, Docket No. 1 at 2. For good reason, Uniloc neither alleged that Piriform is incorporated in Texas nor had a regular or established place of business in this District—it does not.

About two weeks later, on April 29, 2016, the Federal Circuit handed down its published decision in *TC Heartland,* which reaffirmed the now-rejected view of *VE Holding* that venue is proper over a corporate defendant in any district where personal jurisdiction exists.  *See In re TC Heartland LLC*, 821 F.3d 1338 (Fed. Cir. 2016), *rev'd*, 2017 WL 2216934 (May 22, 2017).

On June 30, 2016, Piriform joined BitDefender LLC's ("BitDefender") contemporaneously filed Rule 12(b)(6) motion to dismiss.  Case No. 2:16-cv-00396-RWS, Docket No. 19; *see also* Case No. 2:16-cv-00394-RWS, Docket No. 23.  Piriform did not bring a motion to dismiss for improper venue under Rule 12(b)(3) at that time because, as noted above, the Federal Circuit had issued its published and precedential decision in *TC Heartland* reaffirming *VE Holding* and thus an improper venue argument was not available to Piriform and, under then-existing law, would have been frivolous.  *See* Fed. R. Civ. P. 11(b)(2).

About five months later, on December 14, 2016, the Supreme Court granted *certiorari* in *TC Heartland*.  *See TC Heartland, LLC v. Kraft Food Brands Group LLC*, 137 S. Ct. 614 (2016).  Just over two weeks ago, on May 22, 2017, the Supreme Court reversed the Federal Circuit and, in so doing, tossed *VE Holding* into the scrap heap.

## II.    LEGAL STANDARD

Rule 12(b)(3) states that a party may move to dismiss a case for "improper venue." Section 1406 provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district <u>shall</u> dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  *See Atlantic Marine Const. Co. v. U.S. Dist. Court for Western Dist. Of Texas*, 134 S. Ct. 568, 577 (2013).  When venue is challenged, the court must determine whether venue is wrong or improper.  *See id*.  If so, the case must be dismissed or transferred under § 1406.  *See id; see also TC Heartland*, 2017 WL 2216934, at *7.  Whereas § 1404(a) uses the permissive language "a

3

district court <u>may</u> transfer," § 1406(a) uses the mandatory language "<u>shall</u> dismiss, or…

transfer," which makes clear that a district court has no discretion to retain a case that was filed

in an improper venue.  *See, e.g., Waytes v. City of Charlottesville*, 153 F.3d 725 (4th Cir. 1998)

("The  district court, confronted with a case laying venue in the wrong district, is statutorily

obligated to dismiss the case unless transferring the case to a district where the action could have

been brought is in the interest of justice.")

Under 28 U.S.C. § 1400(b), "[a]ny civil action for patent infringement may be brought

[1] in the judicial district where the defendant resides, or [2] where the defendant has committed

acts of infringement and has a regular and established place of business."  Because the Eastern

District of Texas does not satisfy either prong of § 1400, venue is improper and this case must be

dismissed or transferred to a proper district.

## III.    ARGUMENT

### A.  Venue is Improper under *TC Heartland*

Piriform does not "reside" in the Eastern District of Texas.  Nor has it "committed acts of

infringement" **and** have "a regular and established place of business" in the Eastern District of

Texas.  *See TC Heartland*, 2017 WL 2216934, at *3.  Accordingly, Uniloc's complaint against

Piriform must be dismissed.  In the alternative, and in the interest of justice, this case must be

transferred to a judicial district where the case could have been brought.  28 U.S.C. § 1406(a).

### 1. Piriform Does Not "Reside" in the Eastern District of Texas

With respect to the first prong, *TC Heartland* holds that "a domestic corporation 'resides'

only in its State of incorporation for purposes of the patent venue statute."  2017 WL 2216934, at

*3.  Piriform is incorporated in Delaware, not Texas.  (Whelan Decl., ¶ 2).  Because Piriform

does not "reside" in this District under *TC Heartland*, it does not satisfy the first prong of

§ 1400(b).

### 2.   Piriform Has Not "Committed Acts of Infringement <u>and</u> [Does Not] Ha[ve] a Regular and Established Place of Business" in the Eastern District of Texas

Nor does Piriform meet the second prong of § 1400(b), which allows a defendant to be sued "where the defendant has committed acts of infringement ***and*** has a regular and established place of business." 28 U.S.C. § 1400(b) (emphasis added).  Piriform has no offices or facilities in the Eastern District of Texas, or any employees who work in this District.  (Whelan Decl., ¶¶ 2-7.)  Piriform therefore has no place of business in this District, let alone the "regular and established" place of business required by the statute.

By its clear and unambiguous terms, § 1400(b) imposes two separate requirements for venue to be proper under its second prong: that the defendant (a) "committed acts of infringement" in the district, **and** (b) "has a regular and established place of business" in the district.  Uniloc alleges that Piriform has "committed acts of infringement in this judicial district," but Uniloc does not—and cannot—allege that Piriform has a regular and established place of business.  (Case No. 2:16-cv-00396-RWS, Docket No. 1 at 2).  That Piriform provides services that can be used worldwide (including in the Eastern District of Texas) does not demonstrate that Piriform has "a regular and established place of business" in this District, as required by the statute.

In fact, prior cases applying § 1400(b) have held that conduct far more significant than that of Piriform, such as transacting substantial business involving direct sales of accused products into the district, was insufficient to confer proper venue.  *See, e.g., Manville Boiler Co. v. Columbia Boiler Co.*, 269 F.2d 600, 606-07 (4th Cir. 1959) (Pennsylvania defendant did not have "a regular and established place of business" in Virginia by selling accused products to Virginia sales office for Virginia customers); *Gen. Radio Co. v. Superior Elec. Co.*, 293 F.2d

949, 950-51 (1st Cir. 1961) (Connecticut defendant did not have a "regular and established place of business" in Massachusetts even though it maintained a sales office there that forwarded orders to Connecticut); *Knapp-Monarch Co. v. Casco Prods. Corp.*, 342 F.2d 622, 624-25 (7th Cir. 1965) (Connecticut defendant that authorized dealers of its product in Illinois, had a local telephone number, and attended a trade show in Illinois for "many years" did not have a "regular and established place of business" in Illinois); *Dual Mfg. & Eng'g, Inc. v. Burris Indus., Inc.*, 531 F.2d 1382, 1387 (7th Cir. 1976) (holding that the following activities in a district were insufficient to show a regular and established place of business under § 1400(b): "maintaining an exclusive distributorship; establishing and maintaining some control over a chain of exclusive, independent distributors; maintaining an independent business man as a sales representative on a commission basis; periodic visits by high-ranking executives to large customers to discuss sales; maintaining authorized warranty service, including repair and replacement of defective products; occasional rental of business space; and maintaining telephone or other listings."); *Brevel Prods. Corp. v. H & B Am. Corp.*, 202 F. Supp. 824, 826 (S.D.N.Y. 1962) (holding that a business that maintained a New York phone number and New York showroom still did not have a "regular and established place of business" in New York because all the orders it took there were submitted to and shipped from its California offices and it had no salaried employees in New York); *IPCO Hosp. Supply Corp. v. Les Fils D'Auguste Maillefer S.A.*, 446 F. Supp. 206, 208 (S.D.N.Y. 1978) (holding defendant did not have a "regular and established place of business" where it did "not own, lease or control any place of business or 'physical location' within the Southern District of New York" even though it sold products in New York).  Accordingly, any suggestion that Piriform has a regular and established place of business in this District by virtue of providing messaging services that are available worldwide is legally insufficient.

### B.  An Improper Venue Challenge to Uniloc's Complaint was Not Available at the Time of the Original Motion to Dismiss

On June 30, 2016, when Piriform joined in BitDefender's motion to dismiss, a venue challenge was not viable under then-existing law.  Subsequent to Piriform's joinder in BitDefender motion to dismiss, the Supreme Court granted *certiorari* in *TC Heartland*, and just over two weeks ago reversed *VE Holdings* decades-old precedent for venue law in patent cases. Rule 12(g) thus does not preclude Piriform from bringing the instant venue challenge, which was not available to Piriform at the time it joined BitDefender's motion to dismiss.  *See, e.g., Holzsager* v. *Valley Hospital*, 646 F.2d 792, 796 (2nd Cir. 1981) (finding no waiver of personal jurisdiction defense raised only after intervening Supreme Court decision expanding the defense to encompass the defendant's facts); *Glater* v. *Eli Lilly & Co.,* 712 F.2d 735, 738-39 (1st Cir. 1983) (noting that waiver under Rule 12 "extends only to defenses 'then available'" and therefore could not apply to a defense involving facts of which the party was not aware);  *Razilov* v. *Nationwide Mutual Ins. Co*., 242 F. Supp. 2d 977, 993 n.5 (D. Or. 2003) (refusing to find waiver of Rule 12 defense that was not available at the time earlier Rule 12 motion filed); *McCurdy* v. *Am. Board of Plastic Surgery*, 157 F.3d 191, 196 n.1 (3rd Cir. 1998) (same); *see also Engel v. CBS, Inc.* 886 F. Supp. 728, 730 (C.D. Cal. 1995) ("Defendants cannot be faulted for not having raised a defense that they did not know was available to them.").

### C.  The Case Could Have Been Brought in Delaware

Under *TC Heartland*, a patent infringement action may be brought against a corporate defendant in the district in which it "resides," i.e., its state of incorporation.  2017 WL 2216934, at *3.  Piriform is incorporated in Delaware.  (Whelan Decl., ¶ 2).  Accordingly, venue is proper in the District of Delaware.

## IV.    CONCLUSION

Venue is improper in this District under § 1400(b) because Piriform is not incorporated in this District and has no regular and established place of business here.   This action must therefore be dismissed, or in the alternative, transferred to the District of Delaware where this action could have been brought.  *See* 28 U.S.C. § 1406(a).

Dated:  June 7, 2017

/s/ *Christopher C. Campbell*
Christopher C. Campbell
COOLEY LLP
One Freedom Square
Reston Town Center
11951 Freedom Drive
Reston, VA 20190-5656
Tel: (703) 456-8000
Fax: (703) 456-8100
ccampbell@cooley.com

Mark A. Zambarda Jr. (CO Bar No. 50426)
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304
Tel: (650) 843-5000
Fax: (650) 849-7400
mzambarda@cooley.com

*Attorneys for Defendant Piriform Inc.*

**CERTIFICATE OF SERVICE**

I, Christopher C. Campbell, do hereby certify that on this 7th day of June 2017, I caused a true and correct copy of the foregoing **DEFENDANT PIRIFORM, INC.'S MOTION TO DISMISS UNILOC'S COMPLAINT UNDER FED. R. CIV. P. 12(B)(3) OR TRANSFER UNDER 28 U.S.C. § 1406(A) IN VIEW OF THE SUPREME COURT'S TC HEARTLAND DECISION** to be electronically filed with Clerk of the Court using CM/ECF which will send notification to all registered attorneys of record.

/s/ *Christopher C. Campbell*
Christopher C. Campbell