# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| UNILOC USA, INC. and UNILOC LUXEMBOURG, S.A., *Plaintiffs,* | CASE NO. 2:16-cv-00872-RWS Member Case |
| v. | CASE NO. 2:16-CV-00393-RWS Lead Case |
| SQUARE ENIX, INC. *Defendant.* | JURY TRIAL DEMANDED |

## SQUARE ENIX, INC.'S MOTION TO STAY
## PENDING RESOLUTION OF ITS MOTION TO TRANSFER
## OR, ALTERNATIVELY, DISMISS UNDER *TC HEARTLAND*

Venue over Square Enix, Inc. ("Square Enix") – a Washington corporation that is headquartered in California – is improper in this Court under *TC Heartland*.  As set forth in Square Enix's motion for improper venue (-00872 Dkt. 17), Square Enix is not incorporated in this judicial district, and does not have a regular and established place of business in this district.

Square Enix engaged in extensive negotiations with counsel for Plaintiffs Uniloc USA, Inc. and Uniloc Luxembourg, S.A. in an effort to resolve the venue issue in an expedient and efficient manner.  For over a month and a half, Uniloc actively negotiated a framework with Square Enix that would have permitted the Court the ability to determine venue as a threshold issue.  But in the end, Uniloc's negotiation tactics merely served to slow Square Enix's motion for improper venue, and create additional risk of wasted judicial and party resources.

Accordingly, Square Enix respectfully requests that the Court exercise its inherent power to stay the proceedings pending a determination of Square Enix's motion for improper venue.  Square Enix files this motion to permit the court the ability to rule on the threshold

issue of venue *before* making determinations on the merits in this case.   *In re Fusion-IO, Inc.*, 489 Fed. Appx. 465, 466 (Fed. Cir. 2012) ("We fully expect, however, for Fusion-IO to promptly request transfer in the lead case along with a motion to stay proceedings pending disposition of the transfer motion, and for the district court to act on those motions before proceeding to any motion on the merits of the action.").   Given that the Federal Circuit has characterized the resolution of transfer issues as a "top priority," and the claim construction hearing is set for August 10 (days away) and the close of discovery is presently September 8 (4 weeks away), Square Enix simultaneously moves for an expedited briefing schedule for this Motion to Stay.  *See Solid State Storage Solutions, Inc. v. Stec, Inc. et al.*, Case No. 2:11-cv-00391-JRG-RSP, Dkt. 284 ("Emergency Motion to Stay Proceedings Pending Resolution of Fusion-IO, Inc.'s Renewed Motion to Transfer In Accord with Federal Circuit's Recent Mandamus Order") at 2 (E.D. Tex. 12/26/2012); Dkt. 292 (granting stay).

### A.      PROCEDURAL HISTORY

Plaintiffs Uniloc USA, Inc. and Uniloc Luxembourg, S.A. filed this patent lawsuit against Square Enix, Inc. in the Eastern District of Texas on August 7, 2016.  Dkt. 1.  The complaint asserts patents that Uniloc acquired from IBM just before initiating its litigation campaign in this judicial district.  Square Enix answered on October 24, 2016, denying Uniloc's venue allegations in their entirety.  Dkt. 11 ¶ 6; *see Blue Spike, LLC v. Contixo Inc., Visual Land Inc.*, No. 6:16-cv-1220-JDL, Dkt. 48 at 1, 4 (E.D. Texas July 26, 2017 (defendant's answer that "denies the remaining allegations" of complaint with respect to venue "preserved its venue objection").

On May 22, 2017, the Supreme Court issued its decision in *TC Heartland*, which confirmed that venue over Square Enix was improper in this judicial district.  Soon after the issuance of *TC Heartland*, Uniloc's counsel in related cases served venue-related discovery, and

in doing so stated that "[i]n those cases where the defendant is pressing a venue defense, *Uniloc would like to accelerate resolution of that issue*."  Exhibit A (Foster email dated June 5, 2017).  Not only did Uniloc initially express its desire to "accelerate resolution" of the venue issue, but Uniloc also *agreed* in other cases that venue is a "threshold issue" that merits a stay pending its determination:

> . . . Because the parties believe that the Court's determination regarding venue is a threshold issue, the parties respectfully request that the Court otherwise stay the above-captioned cases for all other purposes pending the Court's resolution of the Defendants' motions to dismiss for improper venue . . . . The parties request this stay to conserve the resources of the parties and the Court pending the Court's ruling on the threshold venue issues.

*Uniloc Inc. et al. v. Ubisoft, Inc.*, Case No. 2:17-cv-00175-JRG, Dkt. 27 at 1-2.

Square Enix approached Uniloc to meet and confer on its venue motion over two months ago, on June 6, 2017. Exhibit C (Marriott June 6, 2017 email).  Uniloc's counsel then stated: "We ask that you not rush to file any motion before having a full and proper meet and confer." *Id.* (Richins June 8, 2017 email).  But despite multiple requests by Square Enix, Uniloc's counsel was not available to meet and confer until June 26, 2017, almost three weeks later.  Exhibit D.

At the June 26, 2017 meet and confer, the parties discussed a potential framework whereby the litigation would be stayed pending determination of the venue issue, and the parties would attempt to negotiate an agreeable scope for venue-related discovery.  Uniloc served a set of venue-related interrogatories the same day.  The parties held a follow-up call on Friday, June 30, 2017, where the stay and stipulated discovery framework was mutually discussed in more detail, including:  (1) a stay pending venue determination, and (2) stipulated discovery, including a potential Rule 30(b)(6) deposition.  The parties agreed to reach a conclusion to the negotiations – i.e., deal or no deal – by the following week.

Square Enix held up its end of that agreement.  On July 6, 2017, counsel for Square

Enix wrote to Uniloc requesting "feedback on our discussions regarding venue/stay . . . assuming general agreement on your side along the lines we discussed last Friday, I could circulate a proposed stipulation for review."  Exhibit E (July 6, 2017 email). Uniloc went silent until, on July 12, 2017, the parties held another teleconference in which Uniloc informed Square Enix that it had decided to oppose Square Enix's motion for improper venue and oppose any form of stay.  *Id.*

Accordingly, Square Enix moved to transfer or dismiss in view of improper venue on July 25, 2017.  -00872 Case Dkt. 17.  Square Enix attached its responses to Uniloc's venue discovery to its motion.  *Id.*  Now, Uniloc seeks to depose a Square Enix witness on venue-related issues and further delay its response.  In an effort to efficiently obtain a ruling on venue, Square Enix has agreed.  -00872 Dkt. 18.  Nonetheless, Uniloc has continued to reject any form of cooperation, including even Square Enix's limited proposal to expedite briefing on this motion to stay.  Exhibit F (August 4, 2017 email from Richins ("We do not agree to expedite briefing on the stay."); *see also id.* August 2, 2017 email from Richins ("Since you are seeking a stay pending your venue motion and were willing to allow sufficient time for venue during a stay, we do not understand your opposition to a modest extension to allow complete venue discovery particularly since the extension we are seeking will result in less delay than a stay.")).  Uniloc's logic is baffling, but in view of Uniloc's clear efforts to delay a resolution of Square Enix's venue motion and in view of the imminent deadlines approaching, Square Enix respectfully requests that the Court expedite the briefing on this motion to stay.

## A.  Legal Standards

"The District Court has the inherent power to control its own docket, including the power to stay proceedings."  *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d

660, 662 (E.D. Tex. 2005) (citing *Landis v. N. Am. Co*., 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936)).  In evaluating a motion to stay pending a decision on transfer, courts in the Fifth Circuit typically consider (1) the potential prejudice to the Plaintiff from a brief stay, (2) the hardship to the defendant if the stay is denied, and (3) the judicial efficiency in avoiding duplicative litigation.  *See Nguyen v. BP Exploration & Prod. Inc.,* Case No H-10-2484, 2010 WL 3169316, at *1 (S.D. Tex. Aug. 9, 2010) (granting motion to stay pending resolution of transfer); *Esquivel v. BP Co., N.A.*, Case No. B-10-237, 2010 WL 4255911, at *3 (S.D. Tex. Octo 14, 2010) (same); *Solid State*, 2:11-cv-00391-JRG-RSP, Dkt. 292 (E.D. Texas. Jan. 3, 2013) (granting stay pending resolution of transfer).  Here, all three factors weigh in favor of staying the proceedings as to Square Enix.

### B.      A Stay Will Not Unduly Prejudice Uniloc.

A stay will not unduly prejudice Uniloc.  Uniloc acquired the asserted patents from IBM in February 2016, and began filing serial lawsuits on them in April 2016.  Uniloc did not sue Square Enix until August 2016.  Certainly, with acquired patents that are nearly expired, a brief delay will not alter the reasonably royalty to which Uniloc might be entitled if it is successful.

Despite Uniloc's decision to stand in the way of a venue determination in every possible manner, continued litigation before determination of the threshold venue issue works prejudice on the Court and on ***both*** Uniloc and Square Enix by potentially compelling merits litigation in two different venues: first in the Eastern District of Texas prior to transfer, and then again in a forum where venue is proper (i.e., the Central District of California or Washington).  If venue is improper in this judicial district, Uniloc benefits just as much as Square Enix from having that issue resolved now without the risk of duplicative proceedings, a fact Uniloc apparently recognized in Case 4 until it shifted strategies.  A stay will avoid duplicative litigation and claim

construction proceedings, and will permit coordinated administration of Uniloc's serial cases that assert related patents against the same technology.

### C.     Square Enix Will Be Prejudiced If The Case Is Not Stayed.

Square Enix sought to move to transfer on June 6, 2017, nearly two months ago and immediately after the Supreme Court's *TC Heartland* decision.   At Uniloc's request, Square Enix engaged in negotiations with Uniloc in good faith.   As it turns out, Uniloc simply used those negotiations to delay the filing of Square Enix's improper venue motion, and has now taken additional steps through discovery to further delay the process.

Square Enix now faces the risk of duplicative merits litigation in this Court and the transferee court if a resolution of its motion to transfer or dismiss is not decided before imminent substantive rulings occur in this case.   The claim construction hearing is scheduled for August 10, 2017, fact discovery is scheduled to close September 8, 2017, and opening expert reports are due September 13, 2017.   2:16-cv-00393 Dkt. 73 (Docket Control Order).   This, of course, is avoidable in the near term, as Square Enix has proposed that the parties coordinate schedules among related cases in line with later-filed cases to avoid serial claim construction hearings and to promote efficiencies, and even offered Uniloc an agreed extension on claim construction briefing in order to negotiate such a framework.   Exhibit B (Marriott email dated May 18, 2017); 2:16-cv-00393 Dkt. 156 and 2:16-cv-746 Dkt. 67 ("Joint Submission on Case Scheduling") at 6-7, 8-9 (proposing that venue be resolved as a threshold issue, and an amended case schedule with a single claim construction hearing to be held in November 2017).   But Uniloc has refused even this, opting to file its claim construction brief despite Square Enix's offered extension, and advocating to the Court that this case "should not be combined in any way with" the later-filed cases.   *Id.* at 4.   It is becoming increasingly clear that Uniloc has no

interest in the efficient administration of this case and is, in fact, actively acting against such goals. But, even setting aside the intentional inefficiencies Uniloc is creating, it is improper for a court without proper venue to be addressing any of the upcoming substantive proceedings. A court with proper venue should be overseeing all of the upcoming activity.

> ### D.     A Stay Will Promote Judicial Efficiency And Avoid Potentially Duplicative Litigation.

A stay will help simplify the issues and preserve judicial economy. In *In re Fusion-IO*, the Federal Circuit noted that delaying resolution of a transfer motion until a later stage in the litigation is improper. 489 Fed. Appx. at 466. By staying the proceedings – and in particular, the claim construction hearing and imminent discovery and expert work – pending resolution of the transfer motion, the Court would preserve judicial economy and simplify the issues by reducing the risk that another district court will have to duplicate efforts in preparing this case. Moreover, as set forth in Square Enix's motion to transfer or dismiss, the Court should rule on transfer prior to any further proceedings because a trial court's judgment is of no effect where venue is improper. *See*, *e.g.,* -00872 case Dkt. 17 at 11-12 (citing *Olberding v. Illinois Cent R.R.,* 346 U.S. 338, 340 (1953) and *Gogolin & Stelter v. Karn's Auto Imports, Inc.*, 886 F.2d 100, 104 (5th Cir. 1989). To avoid the potential of such an outcome, the litigation should be stayed pending the venue determination.

## CONCLUSION

To avoid prejudice to all parties and to conserve the resources of the parties and the Court, Square Enix respectfully requests that the Court stay all proceedings as to Square Enix – including the August 10, 2017 claim construction hearing and all other discovery and case deadlines – pending resolution of Square Enix's motion to transfer or dismiss based on improper venue.

DATED: August 7, 2017

Respectfully submitted,

ERISE IP, P.A.


By: */s/ Michelle L. Marriott*
Michelle L. Marriott
Eric A. Buresh
Mark C. Lang
ERISE IP, P.A.
6201 College Blvd., Suite 300
Overland Park, Kansas 66211
(913) 777-5600
(913) 777-5601 – fax
michelle.marriott@eriseip.com
eric.buresh@eriseip.com
mark.lang@eriseip.com

Melissa Smith
TX State Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, TX 75670
Telephone: 903-934-8450
Facsimile: 903-934-9257

*ATTORNEYS FOR DEFENDANT SQUARE ENIX, INC.*

## CERTIFICATE OF CONFERENCE

On July 12, 2017, counsel for Square Enix complied with the meet and confer requirement in Local Rule CV-7(h) as described herein, in which Uniloc opposed this motion to stay. In an email dated August 4, 2017, Uniloc also opposed expedited briefing on this motion.

/s/ Mark C. Lang
Mark C. Lang
Attorney for Square Enix, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document on August 7, 2017.

/s/ Melissa R. Smith